UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAN MANOLOFF, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:19-cv-00091 |
| | ) |
| ERWIN HYMER GROUP NORTH AMERICA, INC., | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT

Plaintiff, Dan Manoloff ("Manoloff"), brings claims against Defendant, Erwin Hymer Group North America, Inc. ("Defendant"), as follows:

## OVERVIEW

1. This Complaint arises under the Fair Labor Standards Act, 29 U.S.C. §201 et. Seq. ("FLSA") and the Indiana Minimum Wage Law of 1965, I.C. §22-2-2 ("IMWL"). Defendant violated the FLSA by failing to pay Manoloff at least minimum wages required by federal and state law. Manoloff pleads violations of the Indiana Minimum Wage Law of 1965 in the alternative, and other assorted Indiana state law claims in addition.

## PARTIES

2. Manoloff is an individual who, at all relevant times, worked in or around Elkhart, Indiana. He was employed by Defendant within the meaning of the FLSA during the three-year period prior to the filing of this Complaint. At all times hereinafter mentioned, Manoloff was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1). Moreover, Manoloff was an employee as defined by I.C. §22-2-2-3.

3. Defendant is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).  Alternatively, Manoloff's work regularly involved commerce between states.  Moreover, Defendant is an "employer" as that term is defined by the Indiana Minimum Wage Law of 1965 I.C. §22-2-2-3, employing two or more employees at all times relevant to the events described in this Complaint.  Company had an office in Elkhart, Indiana at the time the underlying events that led to this lawsuit occurred.

4. At all times hereinafter, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1).

## JURISDICTION

5. This Court has jurisdiction over Defendant pursuant to 29 U.S.C. § 216(b).  The Court has supplemental jurisdiction over Manoloff's Indiana state law claims pursuant to 28 U.S.C. §1367.

## VENUE

6. Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. § 1391 as all the events arose in Valparaiso, Indiana, and the witnesses reside in or near Valparaiso, Indiana.

## FACTS

7. Manoloff worked for Defendant as a Sales Representative throughout 2018.  He resigned his employment effective January 25, 2019.

8. Defendant is involved in building and selling recreational vehicles.  Manoloff sold the RV units to various dealers throughout the Midwest and Eastern United States.  His home served as Defendant's U.S., east coast presence.

9. Defendant's pay period is the 15th and 30th of each month.  Manoloff worked, but was not paid, for hours he worked from January 15 – January 25.

10. Commissions were earned when Manoloff delivered 10 or more units to a new dealership or when a unit was sold at a current dealership.  Commissions were pad by the middle of the next month after the commissions were earned.

11. Defendant, while admitting in writing that it owes Manoloff wages, has failed to pay him all the wages he earned in 2018 or 2019.

12. Defendant has also failed to pay Manoloff the value of his vacation time.

13. Manoloff has suffered financial harm as a result of Defendant' conduct.  Upon information and belief, the wages and penalties owed to Manoloff exceed $150,000.

## LEGAL COUNTS

### COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

14. Manoloff incorporates paragraphs 1 – 13 herein.

15. During the relevant time period, Defendant violated the provisions of 29 U.S.C. §206 and §207 by failing to comply with the minimum wage requirements of the FLSA.

16. Manoloff was not paid at least time minimum wages for hours he worked from January 15th through January 25th.

17. Manoloff was harmed by Defendant' unlawful willful and/or reckless conduct.  Moreover, Defendants' bad-faith conduct violates the mandates of the FLSA.

### COUNT II: VIOLATIONS OF THE INDIANA MINIMUM WAGE LAW OF 1965

18. Manoloff incorporates paragraphs 1 – 17 herein.

19. Manoloff pleads his Indiana minimum wage law claims in the alternative.

20. At all relevant times Defendants violated the Indiana Minimum Wage Law of 1965's minimum wage provisions by failing and refusing to pay Manoloff at least minimum wages he was owed.

21. Defendants' conduct is willful, reckless, or indifferent to Manoloff's rights.

## COUNT III: BREACH OF CONTRACT

22. Manoloff incorporates paragraphs 1 – 21 herein.

23. Manoloff and Defendant had a contract regarding his compensation scheme. Defendant breached that contract.

24. Manoloff has been harmed as a result of Defendant's breach.

## COUNT IV: UNJUST ENRICHMENT

25. Manoloff incorporates paragraphs 1 – 24 herein.

26. Manoloff was contracted to sell RVs on behalf of Defendant. Manoloff, in fact, sold RV units to dealerships across the country for Defendant. Defendant has benefited from Manoloff's sales' efforts on its behalf while not compensating Manoloff as promised.

27. Manoloff has been harmed as a result of Defendant's breach.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to find in his favor and award him the following relief:

a. An Order pursuant to Section 16(b) of the FLSA and/or the Indiana Minimum Wage Law finding Defendants liable for unpaid back wages due to Plaintiff in addition to liquidated damages equal in amount to the unpaid compensation due to Plaintiff;

b. An order awarding Plaintiff unpaid wages and any applicable penalties under Federal and Indiana law;

  c. An Order awarding Plaintiff the costs of this action;

  d. An Order awarding Plaintiff his attorney's fees;

  e. A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA and/or Indiana law by failing to comply with the minimum overtime wage requirements of the FLSA and Indiana law; and

  f. An Order granting such other and further relief as may be necessary and appropriate.

         Respectfully submitted,

         s/ Christopher S. Wolcott
         Christopher S. Wolcott (#23259-32)
         The Wolcott Law Firm LLC
         450 East 96th Street, Ste 500
         Indianapolis, IN  46240
         Tel: (317) 500-0700
         Fax: (317) 732-1196
         E-Mail:  indy2buck@hotmail.com

         Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

 Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

         Respectfully submitted,

         /s/ Christopher S. Wolcott
         Christopher S. Wolcott (#23259-32)
         The Wolcott Law Firm LLC
         450 East 96th Street, Ste 500
         Indianapolis, IN  46240
         Tel: (317) 500-0700
         Fax: (317) 732-1196
         E-Mail:  indy2buck@hotmail.com

         Attorney for Plaintiff